FbeemaN, J.,
delivered tbe opinion of tbe court:
This case is before us on tbe following state of facts: Patterson was surety of "Wilds on bis bond as clerk and master. Wilds became a defaulter, and Patterson filed a bill attaching tbe costs coming to said Wilds, in tbe bands of tbe sheriff, and enjoining him from paying them out.
This was done for his indemnity.
McKee was deputy clerk under Wilds, and bad a contract with tbe clerk that be was to receive one-half tbe costs for labor performed by him. Tbe costs due, or on which be bad this claim, appear to have been taxed in tbe name of McKee.
Patterson is but a creditor of tbe master, and as such can only take tbe fund that belonged to- bis- debtor— stands in bis shoes, and in this, can get no higher. Tbe costs, where McKee did tbe work, were charged by Wilds, under bis contract, or set over to McKee for bis services. Wilds could not have claimed them as against McKee, neither can bis creditor, Patterson. Tbe mode of taxation served to designate and make definite tbe costs in which McKee was interested, and was a convenient mode of keeping the accounts as between tbe parties. Whether McKee could recover them in bis own name, we need not determine.
That would be a matter between him and tbe party liable to pay them.
*451 It suffices that they were his- — that is, one-half, under a valid contract with the clerk, as compensation for his labor, and the cases in which he was so entitled are 'estimated [designated] by the mode of taxing adopted.
Patterson cannot override this right, and appropriate McKee’s share for the debt of Wilds.
A decree will he drawn to this effect, and case remanded to court below for further proceedings, Patterson paying the costs of this court.
Turney, J., dissents.